THOMAS J. SANDIFER ET AL. *v.* MARY A. GRANTHAM.

1. DEVISE. *Of land "to be sold."* Art. 136, p. 458, Code 1857, *construed.*
   Art. 136, p. 458, of the Code of 1857, which provides that "if land be devised to be sold, the sale shall be made" by the executor or the person appointed by the will to execute the trust, or in the event of the failure of such person to act, then by the administrator *cum testamento annexo,* did not contemplate that the title should be devised to the executor, but only that the land should be unconditionally and absolutely devoted to sale.

2. SAME. *Land to be sold. Sale by administrator. Statute applied.*
   And where a devise, subject to the statute above referred to, directed that the testator's real estate "be sold at public sale to the highest bidder by my [testator's] executor hereinafter named, on such credit as he may think best," the sale could be made by the administrator *cum testamento annexo,* appointed after the failure of the executor to qualify.

APPEAL from the Circuit Court of Copiah County.

HON. T. J. WHARTON, Judge.

Samuel M. Sistrunk died in 1860, leaving a last will and testament, which, among other articles, contained the following: "To my beloved wife, Sarah, I give the sum of twenty dollars, also one-third part of the net proceeds arising from the sale of all my real estate, on the condition of her relinquishing her right of dower to said real estate, it to be sold at public sale to the highest bidder by my executor hereinafter named on such credits as he may think best." James E. Wilson, who was appointed executor of the will, declined to qualify, and the widow, Sarah Sistrunk and S. P. Barron, were appointed by the proper court administratrix and administrator of the decedent's estate *cum testamento annexo,* and qualified as such. Some time thereafter the administrator and administratrix sold the land belonging to the testator's estate, after having given six weeks' notice of the sale by publication in a newspaper, but without any order of court authorizing such sale. The land thus sold was purchased by James Martin.

Mary A. Grantham, the only living child and heir of Samuel M. Sistrunk, deceased, brought this action of ejectment to recover of Thomas J. Sandifer and others the land bought by Martin as

above stated. ·Both parties claimed title from Samuel M. Sistrunk, deceased, the plaintiff as his sole heir, and the defendants through conveyances from Martin, whose claim was deraigned as above stated. At the trial the court excluded all of the defendants' evidence tending to establish the title relied upon by them, except as showing the good faith of their possession, and instructed the jury to find a verdict for the plaintiff. The verdict and judgment were, of course, for the plaintiff, and the defendants appealed.

The decision in this case is dependent upon a construction of art. 136, on p. 458 of the Code of 1857, which is in the following language: " Whenever any last will and testament shall empower and direct the executor as to the sale of property, the payment of debts and legacies, and the management of the estate, the directions of the will shall be followed by the executor, and no provision herein contained shall so operate as to require the executor to pursue a different course from that prescribed in the will if it be lawful, and if land be devised to be sold the sale shall be made and the proper conveyance executed by the executors, or such of them as shall undertake the execution of the will, or by the person appointed by the will to execute the trust; and if the executor should fail to ·qualify or should die before he executes the will, and if the person appointed should fail to execute the will, the sale shall be made by the administrator with the will annexed."

*H. C. Conn,* for the appellants.

Was the land in controversy " devised to be sold " by the will of S. M. Sistrunk ? If it was, then the sale by the administrator and administratrix with the will annexed is valid, and defendants in court below have à good title, and the case will be reversed.

I insist that the land was in this will " devised to be sold," and the executor having failed to qualify the administrator with the will annexed very properly made the sale.

This statute was construed in the case of *Bartlett* v. *Sutherland et al.,* 24 Miss. 395, in which case the court decided that the land then in controversy was not " devised to be sold," and draws the distinction between a mere naked power and a devise of the kind named in the statute.

*R. P. Willing,* for the appellee.

Did the testator devise his lands to be sold within the meaning of the statute ? It is not a devise of lands to his executor as such, or to whomsoever the court might appoint to execute the will, but a power conferred on James E. Wilson, in whom a special trust and confidence was reposed by the testator, and to whom alone he looked to execute it in a manner that required the exercise of judgment and discretion.

A mere direction to executors to sell land confers on them only a power and not an estate. *Clark* v. *Hornthall,* 47 Miss. 472 ; Hawk. on Wills 152 ; *Doe* v. *Stratten,* 8 A. & E. 905 ; *Snowhill* v. *Snowhill,* 3 Zab: 448, 478 ; *Shelton* v. *Harmer,* 5 Met. 465.

This power of sale conferred on Wilson was a discretionary one, and even if to be exercised only in determining the credits upon which the lands were to be sold, that might have been deemed important by the testator, and have been such a discretion as he was only willing to give Wilson.

" A discretionary power of sale given to an executor cannot be legally executed by an administrator *cum testamento annexo. Montgomery* v. *Milliken,* 5 S. & M. 151; *Moody* v. *Vandike,* 4 Binney 31 ; *Lockwood* v. *Steadley,* 1 Del. Ch. 298 ; *Brown* v. *Hobson,* 3 A. K. Marshall 380 ; *Mandelbaum* v. *McDowell,* 29 Mich. 78.

COOPER, J., delivered the opinion of the court.

The purpose of art. 136, page 458, of the Code of 1857, was to provide for the sale of the lands of a testator under the directions of the will by any of the persons named in it on whom the duty to sell had been devolved, and in the event of a failure on the part of all such persons to act, then that the sale should be made by the administrator with the will annexed. It was not required that the devise of the land should be a devise of the *title* to the executor. It was sufficient if by the will the lands were unconditionally and absolutely devoted to sale. In all such cases the land is devised to be sold within the meaning of the statute and the sale may be made by the representative of the testator acting under the will.

*Judgment reversed.*